[4 NYS3d 140]

In the Matter of KEITH D. ELRINGTON (Admitted as KEITH DALTON ELRINGTON), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 25, 2015

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Victor Wilson*, Brooklyn, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition, dated February 5, 2013, containing five charges of professional misconduct, alleging that the respondent was guilty of failing to properly safeguard and/or converting client funds entrusted to him as a fiduciary; making cash withdrawals from his escrow account; failing to maintain a ledger book or similar record of deposits into and withdrawals from his escrow account; and knowingly making false and/or misleading statements to the Grievance Committee. The charges were amended by a stipulation dated July 29, 2014.

Following a prehearing conference on June 12, 2014, and a hearing on July 31, 2014, the Special Referee sustained all five charges. The Grievance Committee now moves to confirm the report of the Special Referee. The respondent has neither opposed the Grievance Committee's motion, nor interposed any response thereto.

Charge one of the verified petition alleges that the respondent failed to properly safeguard funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (a) and (b) and 8.4 (c) and (h). The respondent maintained an attorney escrow account at JPMorgan Chase Bank, account No. xxxxxx8065, entitled "IOLA-Keith Elrington, Esq." (hereinafter escrow account). In or about November 2009, the respondent represented Curby Darnley in the sale of real property known as 226 Lexington Avenue, Brooklyn, New York (hereinafter the subject premises) to Hung Ping Hung. The contract of sale provided for a down payment in the sum of $1,000 from Mr. Hung, to be held by the respondent, as escrowee, until the closing of title or earlier termination of the contract. On November 17, 2009, the respondent deposited the down payment check in the amount of $1,000, that he received from Mr. Hung, into his escrow account. From November 17, 2009, through January 21, 2010, the date of the closing, the respondent was required to maintain the down payment in escrow. By November 19, 2009, the balance in the respondent's escrow account had been depleted to $116.88.

Charge two alleges that the respondent failed to properly safeguard funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (a) and (b) and 8.4 (c) and (h). In or about December 2009, the respondent represented Rhonda Hewitt in the purchase of real property known as 580 Mac-Donough Street, Brooklyn, New York. The respondent received from Ms. Hewitt two checks towards her purchase: one in the sum of $14,500 for the contract down payment, and a second check for $650 for additional costs related to the purchase, which he deposited into his escrow account on December 7, 2009. On December 8, 2009, the respondent withdrew $10,000 from his escrow account to obtain a cashier's check for Ms. Hewitt's down payment, which he gave to the seller's attorney. Although the respondent was required to maintain the remaining $5,150 in escrow, on December 8, 2009, he withdrew $500 in cash from Ms. Hewitt's funds, without her knowledge or authorization. Notwithstanding the respondent's obligation to maintain $5,150 in escrow for Ms. Hewitt, on December 9, 2009, the balance in the respondent's escrow account was $266.88.

Thereafter, Ms. Hewitt's transaction fell through, and the $10,000 cashier's check was returned to the respondent. On

December 23, 2009, the respondent deposited the $10,000 cashier's check into his escrow account, bringing his obligation to Ms. Hewitt to $15,150. However, the balance in the respondent's escrow account on December 23, 2009, after the deposit, was $10,266.88. Although Ms. Hewitt demanded the return of her funds on or after December 23, 2009, the respondent did not immediately comply and made numerous cash withdrawals after that date. By April 9, 2010, the balance in the respondent's escrow account was only $7,427.77. On April 16, 2010, the respondent deposited $9,200 into his escrow account that he received from another client, Iris Jones, bringing his balance to $16,627.77. Three days later, on or about April 19, 2010, the respondent made a partial return to Ms. Hewitt of her funds in the amount of $10,000. Thereafter, the respondent returned the outstanding balance to her.

Charge three alleges that the respondent made 40 cash withdrawals from his attorney escrow account from in or about September 2009 through in or about December 2010, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (e) and 8.4 (h).

Charge four alleges that the respondent failed to maintain a ledger book or similar record for his escrow account showing: the source of all funds deposited therein; the names of all persons for whom funds were held; the amount of such funds; the charges or withdrawals from the account; and the names of all persons to whom such funds were disbursed, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (d) and 8.4 (h).

Charge five alleges that the respondent knowingly made misleading statements during his examination under oath (hereinafter the EUO) at the offices of the Grievance Committee on May 31, 2012, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c), (d) and (h). At the EUO, the respondent testified that he maintained a ledger for his attorney escrow account, when in fact, the respondent knew that he did not maintain such ledger.

Based upon the respondent's admissions and the evidence adduced, we find that the Special Referee properly sustained charges one through five. The factual allegations of all five charges were fully admitted by the respondent, who does not oppose the Grievance Committee's motion to confirm the report of the Special Referee. In his brief testimony at the hearing, the respondent attributed his failure to properly safeguard

funds entrusted to him as a fiduciary to, inter alia, "sloppy . . . record keeping." However, we are unpersuaded by the respondent's testimony, inasmuch as he initially misrepresented to the Grievance Committee the purpose for which he was holding funds for Ms. Hewitt—which constituted the down payment in a real property transaction—in an attempt to justify the cash withdrawals he made against those funds for his own use and benefit. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we note that the respondent made his client, Ms. Hewitt, whole, albeit in a piecemeal and untimely fashion. Otherwise, the respondent offered little by way of mitigation, citing stress, sloppy bookkeeping, and an assertion that he would "see that this doesn't transpire again." The respondent provided no details in support of his allegation that he was experiencing "stress." Moreover, the respondent offered no reputation or character evidence. Additionally, the respondent previously received a letter of caution for failing to reregister as an attorney with the Office of Court Administration.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of three years, without credit for the time served under the order of interim suspension dated May 17, 2013.

ENG, P.J. MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Keith D. Elrington, admitted as Keith Dalton Elrington, a suspended attorney, is suspended from the practice of law for an additional period of three years, commencing immediately, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than September 25, 2017. In such application, the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the

respondent, Keith D. Elrington, admitted as Keith Dalton Elrington, a suspended attorney, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Keith D. Elrington, admitted as Keith Dalton Elrington, a suspended attorney, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).