Matter of Cardillo (2020 NY Slip Op 01613)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Cardillo

2020 NY Slip Op 01613

Decided on March 11, 2020

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
JEFFREY A. COHEN, JJ.


2016-07347

[*1]In the Matter of Harry A. Cardillo, admitted as Harry Anthony Cardillo, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Harry A. Cardillo, respondent. (Attorney Registration No. 2505956)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 16, 1992, under the name Harry Anthony Cardillo. By decision and order on motion of this Court dated January 20, 2017, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 1240.9(a) based upon uncontroverted evidence of professional misconduct, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent and directed to serve the respondent with a notice of petition and the verified petition dated July 14, 2016, and the matter was referred to David I. Ferber, Esq., as Special Referee, to hear and report.

Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for petitioner.

PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice of petition dated January 25, 2017, and a verified petition dated July 14, 2016. By decision and order on motion dated May 9, 2017, this Court denied the Grievance Committee's motion, inter alia, to deem the charges established based upon the respondent's default in filing an answer to the verified petition, and extended the respondent's time to serve and file an answer. By decision and order on motion dated April 20, 2018, this Court, inter alia, denied the Grievance Committee's motion to disqualify the respondent's counsel, denied that branch of the respondent's cross motion which was to dismiss the proceeding, and granted that branch of the cross motion which was to direct the Grievance Committee to serve upon the respondent and file with this Court a statement of disputed facts. Additionally, the respondent was directed to file his answer with the Court within 10 days of that decision and order on motion. The respondent filed an answer with the Court on May 3, 2018. The Grievance Committee served the respondent with a statement of disputed and undisputed facts, and filed the same with the Court on May 14, 2018.
At a prehearing conference on September 6, 2018, neither the respondent nor his attorney appeared. By decision and order on motion of this Court dated February 22, 2019, the respondent's motion, inter alia, to discharge the Special Referee was denied. A hearing was conducted on April 16, 2019. Neither the respondent nor his attorney appeared at the hearing. In a report dated May 10, 2019, the Special Referee sustained the two charges of the petition. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline as this Court deems just and proper. Although the respondent's counsel was served with this motion, the respondent has neither served a response nor requested additional time in which to [*2]do so.
Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
In or about 2011, Maksim Shaposhnikov retained the respondent to represent him in a personal injury matter involving an automobile accident that occurred on May 13, 2011. In or about June 2012, the respondent settled this matter for the sum of $7,000. On or about June 18, 2012, the respondent deposited the $7,000 settlement check into the escrow account he maintained at JP Morgan Chase Bank, account number ending 3968, entitled "Harry A. Cardillo, Attorney Trust Account-IOLA" (hereinafter the escrow account). Prior to disbursing to Shaposhnikov the $4,666.67 he was due, the balance in the escrow account fell below that sum for three days in August 2012; for five days in September 2012; and for the time period from October 9, 2012, until January 8, 2013. On or about January 11, 2013, the respondent issued escrow account check number 1478 in the amount of $4,666.67 to Shaposhnikov.
Charge two alleges that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
On or about August 6, 2012, Inna Shvartsman retained the respondent to represent her in a personal injury matter against Beth Israel Medical Center. On or about November 26, 2012, the respondent settled this matter for the sum of $45,000. Pursuant to the settlement agreement, the respondent was required to distribute the settlement funds as follows: $20,000 to satisfy a workers' compensation lien, $5,000 for the respondent's legal fee, $2,100 for expenses, and the remaining $17,900 to Shvartsman.
On or about January 28, 2013, the respondent deposited the $45,000 settlement check into the escrow account. On or about February 22, 2013, the balance in the escrow account fell below $37,900, the amount the respondent was required to maintain to satisfy the workers' compensation lien and to pay Shvartsman her share of the settlement. Thereafter, the escrow account balance remained below $37,900 until March 13, 2013.
On or about March 19, 2013, the respondent issued escrow account check number 1501 in the amount of $17,900 to Shvartsman.
While the respondent was entrusted with the funds necessary to pay Shvartsman's workers' compensation lien, on or about June 3, 2013, the balance in the escrow account fell below $20,000, and remained below that amount until January 2014. On or about January 16, 2014, the Shvartsman workers' compensation lien was satisfied by way of a $20,000 check from an escrow account maintained by the respondent's brother, attorney Christopher Cardillo.
In view of the evidence adduced and the respondent's admissions, we find that the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's unopposed motion to confirm the report of the Special Referee is granted.
In determining an appropriate measure of discipline, we note that the respondent failed to honor his obligation as a fiduciary and to abide by the rules governing the maintenance of an attorney's special account. Indeed, he misappropriated settlement funds in two legal matters, delayed remitting settlement funds to his client, and delayed paying Shvartsman's workers' compensation lien. We have also considered that his disciplinary record is not unblemished, as he has received two Letters of Caution.
Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of three years, effective immediately, without credit for the time the respondent has already served under the interim suspension imposed by this Court by decision and order on motion dated January 20, 2017 (see Matter of Elrington, 128 AD3d 9).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and COHEN JJ., concur.
ORDERED that the petitioner's unopposed motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Harry A. Cardillo, admitted as Harry Anthony Cardillo, a suspended attorney, is suspended from the practice of law for a period of three years, effectively immediately, without credit for the time the respondent has already served under the interim suspension imposed by this Court by decision and order on motion dated January 20, 2017, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than September 12, 2022. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from [*3]practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Harry A. Cardillo, admitted as Harry Anthony Cardillo, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Harry A. Cardillo, admitted as Harry Anthony Cardillo, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Harry A. Cardillo, admitted as Harry Anthony Cardillo, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court