Matter of Rutty (2021 NY Slip Op 04607)





Matter of Rutty


2021 NY Slip Op 04607


Decided on August 4, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
ROBERT J. MILLER, JJ.


2019-04825

[*1]In the Matter of Sophia Rutty, admitted as Sophia Annmarie Rutty, a suspended attorney. Grievance Committee for the Ninth Judicial District, petitioner; Sophia Rutty, respondent. (Attorney Registration No. 3067147)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. Pursuant to 22 NYCRR 1240.8, the Grievance Committee commenced a disciplinary proceeding against the respondent by personally serving her with a notice of petition dated May 1, 2019, and a verified petition dated April 25, 2019. The respondent filed an answer to the verified petition on May 29, 2019. Subsequently, the Grievance Committee submitted a statement of disputed and undisputed facts dated June 19, 2019. By decision and order on motion of this Court dated January 8, 2020, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 1240.9, based upon uncontroverted evidence of the respondent's misappropriation of client funds, and the matter was referred to Kevin J. Plunkett, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on July 24, 2000, under the name Sophia Annmarie Rutty.



Gary L. Casella, White Plains, NY (Matthew Lee-Renert of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Ninth Judicial District served the respondent with a verified petition dated April 25, 2019, containing 13 charges of professional misconduct. By virtue of her answer, dated May 29, 2019, the respondent denied the charges. After a hearing on May 15, 2020, the Special Referee submitted a report dated July 30, 2020, in which he sustained all charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. Although duly served with the Grievance Committee's motion, the respondent has not submitted papers in response or requested additional time in which to do so.
The Petition
Charge one alleges that the respondent misappropriated client funds received as a fiduciary incident to her practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200), as follows: In or about June 2010, Regine Bruny retained the respondent for legal services related to the estate of Marie Rosela St. Martin (hereinafter St. Martin estate). In or about July 2010, Bruny forwarded the respondent a check for $25,000 constituting an asset of the St. Martin estate. The respondent thereafter deposited the check into her attorney trust account maintained at Hudson Valley Bank/Sterling National Bank, account number ending in 2901 (hereinafter escrow account). From those monies, the respondent disbursed $1,500 toward her legal [*2]fees, and she agreed to hold the remaining balance of $23,500 until after the issuance of the letters of administration. Notwithstanding, by July 31, 2011, prior to the issuance of the letters of administration, the balance in the respondent's escrow account was only $177.31.
Charge two alleges that the respondent failed to promptly disburse funds to an entitled party upon request, in violation of rule 1.15(c)(4) of the Rules of Professional Conduct (22 NYCRR 1200), as follows: On or about May 9, 2016, the certificate of voluntary administration for the St. Martin estate was issued to Bruny. Pursuant to a direction from the Surrogate's Court that the St. Martin estate assets should not be distributed for a period of seven months, Bruny agreed to have the respondent continue to hold the funds during that period. Subsequent to this period, in or about March 2017, Bruny began making requests to the respondent to finalize the estate and release the funds to her. Despite multiple requests, the respondent did not disburse the funds to Bruny until in or about November 2017, after the respondent received the complaint filed with the Grievance Committee by Bruny.
Charge three alleges that the respondent breached her fiduciary duty by failing to account for funds received incident to the practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200), as follows: From on or about May 1, 2014, through November 6, 2017, prior to any disbursement in the Bruny matter, the respondent's escrow account balance was only $4.83. Of the $23,500 paid to Bruny by check dated October 27, 2017, $23,497 had not been on deposit in the escrow account until that amount was deposited via multiple deposited items in November 2017. By letters dated August 17 and October 1, 2018, and February 11, 2019, and at an examination under oath on February 1, 2019, the respondent was asked to explain the absence of the Bruny funds from her escrow account or otherwise provide information regarding the handling of such. In responding to the foregoing instances, the respondent failed to provide an explanation that specifically addressed how the funds received from Bruny were transacted.
Charge four alleges that the respondent has engaged in conduct prejudicial to the administration of justice and/or conduct adversely reflecting on her fitness as a lawyer in violation of rules 8.4(d) and/or (h) of the Rules of Professional Conduct (22 NYCRR 1200), based on the factual specification set forth in charge three.
Charges five and six allege that the respondent failed to maintain one or more of the required bookkeeping records for her escrow account, and further failed to produce those records upon the Grievance Committee's request, in violation of rules 1.15(d) and (i) of the Rules of Professional Conduct (22 NYCRR 1200), respectively, as follows: By letter dated August 17, 2018, the Grievance Committee requested that the respondent provide copies of bookkeeping records for her escrow account including, inter alia, deposit records and client ledgers from the time the Bruny funds were received and deposited into the account. In response to the Grievance Committee's request, the respondent failed to include copies of one or more of the requested deposit records; client ledgers and/or a similar record that identified the sources for all funds deposited into the account; or a record of the names of the persons for whom such deposited funds were held and the amount held for each. The respondent subsequently advised the Grievance Committee that she did not have anything further to provide in response to the Grievance Committee's request.
Charge seven alleges that the respondent breached her fiduciary duty by failing to account for activity in her escrow account in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200), as follows: At the examination under oath on February 1, 2019, and by letter dated February 11, 2019, the Grievance Committee requested that the respondent explain the nature and/or purpose of deposits and disbursements that had been made into and from her escrow account; however, the respondent failed to do so.
Charge eight alleges that the respondent engaged in conduct prejudicial to the administration of justice and/or conduct adversely reflecting on her fitness as a lawyer, in violation of rules 8.4(d) and/or (h) of the Rules of Professional Conduct (22 NYCRR 1200), respectively, based on the factual specification set forth in charge seven.
Charges nine and ten allege that the respondent used her escrow account as a business and/or personal account, in violation of rule 1.15(b)(1) of the Rules of Professional Conduct (22 NYCRR 1200), and commingled personal funds with client funds, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200), respectively, by making five cash deposits totaling $6,460 not received incident to the practice of law for any identified client or third-party matter.
Charges eleven and twelve allege that the respondent used her escrow account as a business and/or personal account, in violation of rule 1.15(b)(1) of the Rules of Professional Conduct [*3](22 NYCRR 1200), and commingled personal funds with client funds, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200), respectively, by making 30 disbursements totaling $8,381.61 from her escrow account for personal use and business expenses.
Charge thirteen alleges that the respondent disbursed funds to cash rather than a named payee, in violation of rule 1.15(e) of the Rules of Professional Conduct (22 NYCRR 1200), by disbursing $1,500 in or about July 2010 from her escrow account by check no. 1129 payable to "cash."
Findings and Conclusion
Although this matter emanated from one client complaint, the Grievance Committee's investigation uncovered the respondent's longstanding misuse of her escrow account. In July 2010, the respondent received $25,000 of estate funds in connection with the Bruny matter, and she was required to maintain these funds, minus her $1,500 fee, until letters of administration could be obtained. Notwithstanding this fiduciary obligation, by July 31, 2011, prior to the release of the funds to Bruny, the respondent's escrow account balance had been reduced to $177.31. Thereafter, until the respondent released the funds to Bruny in November 2017, on multiple occasions her escrow account balance remained below the $23,500 required to be on deposit. This includes the period from on or about May 1, 2014, until November 2017, when her escrow account contained only $4.83. While the respondent initially asserted not knowing what happened to the Bruny funds, she subsequently alleged the funds were placed in a "client sub-account" separate from her escrow account; however, she provided no evidence to support that claim.
Moreover, the respondent made multiple disbursements between September 2011 and August 2013 from the escrow account for the payment of personal and/or operating expenses; made multiple cash deposits from December 2011 through July 2013 into the escrow account that did not correlate to any identified client or third-party matter at a time when client and/or third party funds were on deposit; and disbursed a legal fee to herself by way of a check made payable to "cash."
In addition to the above misconduct, the respondent failed to promptly remit the funds owed to Bruny despite her multiple requests for the same. Although the money was ultimately paid to Bruny, it was not until nine months after the respondent was first requested to remit the funds and only after a grievance complaint was filed against her.
Finally, the respondent failed to maintain required records in connection with her escrow account, including, among other things, deposit records and client ledgers; failed to account for deposits and disbursements in connection with her escrow account; and failed to meaningfully cooperate with the Grievance Committee's investigation. As noted by the Special Referee, the respondent's explanations during the proceeding were "void of substance" and, as a result, "effectively obstructed the progress of the [Grievance Committe]'s investigation and evaluation of her conduct."
In view of the foregoing evidence adduced at the hearing, we find that the Special Referee properly sustained all charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
In determining an appropriate measure of discipline, the respondent has failed to honor her obligations as a fiduciary and misappropriated funds belonging to the St. Martin estate, failed to maintain required records, and failed to cooperate with the Grievance Committee's investigation. Notwithstanding the serious allegations of professional misconduct, the respondent did not put forth credible evidence in mitigation at the hearing before the Special Referee, and failed to file a response to the Grievance Committee's motion.
Under the totality of the circumstances, we conclude that the respondent's conduct warrants her suspension from the practice of law for a period of three years, effective immediately, without credit for the time served under the interim suspension imposed by decision and order on motion of this Court dated January 8, 2020 (see Matter of Elrington, 128 AD3d 9).
LASALLE, P.J., MASTRO, RIVERA, DILLON and MILLER, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Sophia Rutty, admitted as Sophia Annmarie Rutty, a suspended attorney, is suspended from the practice of law for a period of three years, effective immediately, without credit for the time served under the interim suspension imposed by decision [*4]and order on motion of this Court dated January 8, 2020, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than February 5, 2024. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension she (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted herself; and it is further,
ORDERED that the respondent, Sophia Rutty, admitted as Sophia Annmarie Rutty, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Sophia Rutty, admitted as Sophia Annmarie Rutty, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Sophia Rutty, admitted as Sophia Annmarie Rutty, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court